Affirmed and Memorandum Opinion filed September 20, 2005









Affirmed
and Memorandum Opinion filed September 20, 2005.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00227-CR

NO.
14-04-00228-CR

____________

 

ANTHONY BERNARD
CAMPBELL,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause Nos. 900,100
& 915,333

 



 

M E M O R A N D U M   O P I N I O N

Appellant Anthony Bernard Campbell was
convicted of two counts of aggravated assault against a public servant.  In three issues, he argues that the evidence
is legally and factually insufficient to support the verdict and that the trial
court erred in refusing appellant=s requested jury
instructions on the lesser-included offense of deadly conduct.  We affirm.








Background

On
July 6, 2001, Officers Leonard Smith and Jason Holt of the Houston Police
Department were patrolling an area of southeast Houston on bicycles.  They observed what they believed was a
narcotics transaction between appellant and three other men in the parking lot
of a strip center.  The officers also
noticed a strong odor of marijuana. 

When the men saw
the officers, they started walking away. 
Appellant walked to his vehicle, which was running, got in, and shut the
door. While Officer Holt detained the other three men, Officer Smith knocked on
the window of appellant=s vehicle and asked appellant to turn off
the vehicle and give Officer Smith his identification.  Appellant did not comply, so Officer Smith
repeated his request.  Appellant then
slightly rolled down the window and handed Officer Smith his
identification.  Officer Smith took the
identification and again asked appellant to stop the engine and get out of the
car.  Appellant then cracked the door
open and abruptly began driving the vehicle in reverse.  The side of the door hit Officer Smith in the
chest, and he grabbed onto it to avoid being knocked under the vehicle.

Officer Holt saw the commotion, ran toward
the vehicle, and jumped into the open driver-side door.  Appellant continued driving in reverse.  He hit a parked a car and then drove
forward.  A struggle ensued between
Officer Holt and appellant, with appellant attempting to put the vehicle in Adrive@ and Officer Holt
attempting to put it in Apark.@  As a result, the vehicle lurched across the
parking lot, alternately stopping and moving forward.  Fearing that the vehicle would exit the
parking lot onto Cullen, which is a busy street, Officer Smith, while still
hanging onto the driver-side door, shot appellant once in the chest.  Officer Holt was then immediately able to put
the vehicle in park.

A jury found appellant guilty of two
counts of aggravated assault against a public servant.  After finding an enhancement paragraph true,
the trial court sentenced appellant to fifty years=
imprisonment.  This appeal followed.








Sufficiency of the Evidence

In
his first two issues, appellant challenges the legal and factual sufficiency of
the evidence.  Specifically, appellant
argues that the evidence is legally and factually insufficient to establish
that appellant (1) used the motor vehicle as a deadly weapon, (2) intentionally
or knowingly threatened the two officers, and (3) knew that Officer Holt was a
public servant.

In evaluating a
legal‑sufficiency claim attacking a jury=s finding of
guilt, we view the evidence in the light most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000).  We do not ask
whether we believe the evidence at trial established guilt beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 318B19 (1979). 
Rather, we determine only whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Cardenas v. State, 30 S.W.3d 384, 389
(Tex. Crim. App. 2000).  In our review,
we accord great deference A>to the
responsibility of the trier of fact [to fairly] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.=@  Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996) (quoting Jackson, 443 U.S. at 319).  We presume that any conflicting inferences
from the evidence were resolved by the jury in favor of the prosecution, and we
defer to that resolution.  Id. at
133 n.13.








In conducting a factual‑sufficiency
review of the jury=s determination, we do not view the
evidence Ain the light most favorable to the
prosecution.@  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Instead, we view the evidence in a neutral
light and inquire whether the jury was rationally justified in finding guilt
beyond a reasonable doubt.  Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  We may find the verdict is factually
insufficient in two ways.  First, when
considered by itself, the evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict, the contrary
evidence may be strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Id.
at 484B85.  Our evaluation should not intrude upon the
fact‑finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  Cain, 958 S.W.2d at 407.

Deadly Weapon Finding

Appellant argues that the evidence is
legally and factually insufficient to support the deadly weapon finding.  As applied to appellant=s case, a person
commits the offense of aggravated assault if he intentionally or knowingly
threatens another with imminent bodily injury while using or exhibiting a deadly
weapon.  Tex. Pen. Code Ann. '' 22.01, 22.02
(Vernon Supp. 2004B2005). 
A deadly weapon is anything that in the manner of its use or intended
use is capable of causing death or serious bodily injury.  Id.
' 1.07(a)(17).  Thus, an automobile can be a deadly weapon if
it is driven in a manner capable of causing death or serious bodily
injury.  Tyra v. State, 897 S.W.2d
796, 798 (Tex. Crim. App. 1995).

The State presented evidence that
appellant reversed his vehicle and almost knocked Officer Smith down.  Appellant then drove his vehicle toward a
busy street while Officer Smith hung onto the door and while Officer Holt had
his legs partially sticking out of the vehicle. 
There is no question that the manner in which appellant drove his
vehicle was capable of causing death or serious bodily injury to Officers Smith
and Holt.  Viewing the evidence in the
light most favorable to the verdict, we conclude a rational trier of fact could
have found beyond a reasonable doubt that the vehicle as used by appellant was
a deadly weapon.  Viewing the same
evidence in a neutral light, we conclude the jury was also rationally justified
in finding that the vehicle as used by appellant was a deadly weapon.  Therefore, the evidence is legally and
factually sufficient to support the deadly weapon finding.

Intent








Appellant also contends that the evidence
is legally and factually insufficient to establish that he intentionally or
knowingly threatened the officers with imminent bodily injury.  A person acts intentionally with respect to
the nature of his conduct or to a result of his conduct when it is his
conscious objective or desire to engage in the conduct or cause the
result.  Tex. Pen. Code Ann. ' 6.03(a) (Vernon
2003).  A person acts knowingly with respect
to a result of his conduct when he is aware that his conduct is reasonably
certain to cause the result.  Id. ' 6.03(b).

Appellant argues that because he did not
verbally threaten the officers and because he only recklessly exposed the
officers to injury, he did not intentionally or knowingly threaten the
officers.  We disagree.  The State presented evidence that appellant
drove his car toward a busy street knowing that two police officers were only
partially in the car and after ignoring repeated requests to stop the car.  A jury could reasonably have concluded either
that it was appellant=s conscious objective or desire to
threaten the officers with imminent bodily injury or that appellant was
reasonably certain that driving toward a busy street with two police officers
hanging onto his vehicle would threaten the officers with imminent bodily
injury.  Viewing the evidence in the
light most favorable to the verdict, we conclude a rational trier of fact could
have found beyond a reasonable doubt that appellant intentionally or knowingly
threatened the officers with imminent bodily injury.  Viewing the same evidence in a neutral light,
we conclude the jury was also rationally justified in finding that appellant
intentionally or knowingly threatened the officers with imminent bodily
injury.  Therefore, the evidence is
legally and factually sufficient to establish that appellant intentionally or
knowingly threatened the two officers.

Knowledge that Officer Holt Was a
Public Servant

An offense of aggravated assault increases
from a second degree felony to a first degree felony if the offense is
committed against someone the actor knows is a public servant while the public
servant is lawfully discharging an official duty.  Id.
' 22.02(b) (Vernon
Supp. 2004B2005). 
Further, the actor is presumed to have known the person assaulted was a
public servant if the person was wearing a distinctive uniform or badge.  Id. ' 22.02(c).








Appellant argues that the evidence is
legally and factually insufficient to support the aggravated assault conviction
of Officer Holt because there is no evidence that appellant knew he was a
public servant or ever saw Officer Holt=s uniform.  Appellant had his driver=s seat fully
reclined, but he was sitting upright while Officer Smith was hanging onto the
door.  Officer Holt apparently dove into
the vehicle and landed between appellant=s back and the
fully reclined seat.  Appellant argues
that because Officer Holt was behind him during their struggle for control of
the vehicle, appellant argues there is no evidence that he ever saw Officer
Holt=s uniform or knew
he was a police officer.  However, there
was testimony that appellant and the three other men immediately scattered as
soon as the officers, who were both in full uniform and riding marked police bikes,
approached.  Further, Officer Holt
testified that he had his arms around appellant after he dove into the car,
which would indicate that appellant saw the sleeves of Officer Holt=s uniform.  There was also evidence that appellant and
Officer Holt struggled with the gear shift inside the car, with Officer Holt
yelling at appellant to stop the car and to stop resisting.  Finally, there is no evidence that appellant
did not see Officer Holt.  The jury could
infer from this evidence that appellant knew that Officer Holt was a police
officer.

Viewing the evidence in the light most
favorable to the verdict, we conclude a rational trier of fact could have found
beyond a reasonable doubt that appellant knew Officer Holt was a public
servant.  Viewing the same evidence in a
neutral light, we conclude the jury was also rationally justified in finding
that appellant knew Officer Holt was a public servant.  Therefore, the evidence is legally and
factually sufficient to establish that appellant knew Officer Holt was a public
servant.

We overrule appellant=s first and second
issues.

Lesser-Included
Offense Instruction








In his third issue, appellant argues that
the trial court erred by not instructing the jury on the lesser-included
offense of deadly conduct.  A two-prong
test must be met before a jury charge instruction on a lesser-included offense
must be given: (1) the lesser-included offense must be included within the
proof necessary to establish the offense charged and (2) some evidence must
exist in the record that would permit a jury rationally to find that if the
defendant is guilty, he is guilty only of the lesser-included offense.  Rousseau v. State, 855 S.W.2d 666, 672B73 (Tex. Crim.
App. 1993).

We must therefore first determine whether
the offense of deadly conduct is included within the proof necessary to
establish the offense of aggravated assault as charged in appellant=s case.  Appellant was charged by separate indictments
with two counts of aggravated assault. 
The language in each indictment is identical except for the
complainant-officer=s name. 
In pertinent part, the indictments allege that appellant did Aintentionally and
knowingly threaten with imminent bodily injury [complainant] . . . by using and
exhibiting a deadly weapon, namely, a motor vehicle.@  Appellant requested and was denied an
instruction for deadly conduct, which a person commits if he recklessly engages
in conduct that places another in imminent danger of serious bodily injury.  See Tex.
Pen. Code Ann. ' 22.05 (Vernon 2003).

In Bell v. State, 693 S.W.2d 434,
438B39 (Tex. Crim.
App. 1985), the Court of Criminal Appeals held that the offense of reckless
conduct, which is the former name of the offense of deadly conduct, is a
lesser-included offense of aggravated assault as it was charged in that
case.  In arriving at this holding, the
court stated the following:

Patently, threatening another with imminent bodily injury
is engaging in conduct.  When that threat
is accomplished by the use of a deadly weapon, by definition the victim is
exposed to the deadly character of the weapon and the inherent risk of serious
bodily injury.  The danger of
serious bodily injury is necessarily established when a deadly weapon is used
in the commission of an offense.  It
follows, therefore, that proof of threatening another with imminent bodily
injury by the use of a deadly weapon constitutes proof of engaging in conduct
that places another in imminent danger of serious bodily injury.








Id. (internal quotation marks omitted).  The indictment in Bell is
substantially similar to the indictments in the instant case.[1]  See id. at 437.  Accordingly, we hold that deadly conduct is
included within the proof necessary to establish the offense of aggravated
assault as charged against appellant. 
The first prong of the Rousseau test is met.

We now must determine whether there is
some evidence in the record that would permit a jury to rationally find that
appellant is guilty only of the lesser-included offense of deadly conduct.  Rousseau, 855 S.W.2d at 673.  In other words, there must be some evidence
from which a rational jury could acquit appellant of aggravated assault while
convicting him of deadly conduct.  See
Hall v. State, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005).  In making this determination, we review all
of the evidence presented at trial, but we do not consider whether the evidence
is credible, controverted, or in conflict with other evidence.  Id.

Appellant maintains that he only acted
recklessly (a required element of deadly conduct) and not intentionally or
knowingly (a required element of aggravated assault).  As noted above, a person acts intentionally
with respect to the nature of his conduct or to a result of his conduct when it
is his conscious objective or desire to engage in the conduct or cause the
result.  Tex. Pen. Code Ann. ' 6.03(a).  A person acts knowingly with respect to a
result of his conduct when he is aware that his conduct is reasonably certain
to cause the result.  Id. ' 6.03(b).  Finally, a person acts recklessly with
respect to circumstances surrounding his conduct or the result of his conduct
when he is aware of but consciously disregards a substantial and unjustifiable
risk that the circumstances exist or the result will occur.  Id. ' 6.03(c).








Appellant neither testified nor presented
testimony from anyone who was at the scene of the incident.[2]  The State presented Officers Smith and Holt,
who both testified that Officer Smith was hanging onto appellant=s car while
appellant erratically drove around the parking lot; both officers also
testified that Officer Holt was only partially in the vehicle while it was
moving.  The jury was entitled to infer
from the officers= testimony that appellant knowingly or
intentionally threatened the officers with imminent bodily injury.

In support of his argument that he only
acted recklessly, appellant points to Officer Holt=s testimony in
response to the question, A[W]hat
specifically about the way that this car was being operated and driven made you
believe that it was a deadly weapon to Officer Smith?@  Officer Holt answered as follows:

In my opinion
[appellant=s] disregard for my partner=s safety and the
safety of anyone that could have been behind him at that time.  He was driving without regard to anyone
behind him and faster than a reasonable person would back out of a parking
space in a storefront area like that.  No
reasonable person would back out of a storefront in that speed in that manner
with someone hanging on the side of the car without knowing that they are going
to hurt somebody.

This testimony supports the conclusion that appellant
acted knowingly, in that appellant would have been reasonably certain that
someone would be threatened with bodily injury as a result of his conduct.  See id. ' 6.03(b).  In any event, Officer Holt=s testimony does
not support that appellant only acted recklessly.

We hold that there was no evidence upon
which a jury could rationally find that appellant was guilty only of deadly conduct
and not of aggravated assault. 
Accordingly, appellant has not met the second prong of the Rousseau test;
therefore, the trial court was not required to instruct the jury on the
lesser-included offense of deadly conduct. 
Thus, we overrule appellant=s third issue.








We affirm the
trial court=s judgment.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed September 20, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  In Bell,
the indictment alleged that the defendant A>did
then and there knowingly and intentionally use a deadly weapon, to wit: a
firearm, and did then and there threaten [complainant] with imminent bodily
injury by the use of said deadly weapon.=@ Bell,
693 S.W.2d at 437.





[2]  Appellant did
call DeArtis Scott, who apparently was at the scene, but Scott invoked his
Fifth Amendment privilege against self-incrimination and thus offered no
substantive testimony.