NO. 07-07-0209-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 11, 2008

______________________________

TIMOTHY R. SMITH, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-430,861; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Timothy R. Smith challenges his conviction of assault on a public servant by contending the trial court erred in failing to charge the jury on the lesser-included offense of assault.  We disagree and affirm the judgment.

To be entitled to an instruction on a lesser-included offense, there must be evidence illustrating that appellant only committed the lesser offense.
(footnote: 1)  
Bignall v. State, 
887 S.W.2d 21, 22 (Tex. Crim. App. 1994).  Thus, appellant may be entitled to the charge by presenting evidence which negates the element present in the greater but absent in the lesser offense.  
Morris v. State, 
No. 07-99-0498-CR, 2000 Tex. App. 
Lexis
 7181 at *5 n.1 (Tex. App.
–
Amarillo October 25, 2000, pet. ref’d) (not designated for publication).  

The State was required to prove that appellant intentionally, knowingly, or recklessly caused bodily injury to “a person the actor [knew was] a public servant while the public servant [was] lawfully discharging an official duty . . . .” 
 Tex. Pen. Code Ann. 
§22.01(a)(1) & (b)(1) (Vernon Supp. 2007).  The elements present in the greater offense that are missing in the lesser are that appellant knew the person assaulted was a public servant and that the assault occurred while the officer was lawfully discharging an official duty. 

Appellant argues that the police officer was not 
lawfully 
discharging his duties at the time of the assault here at issue.  This was purportedly so because he had no legitimate basis to detain appellant.  Yet, that an attempted stop occurs without probable cause or reasonable suspicion is irrelevant in determining whether the officer was lawfully discharging his duties.  
See Hughes v. State, 
897 S.W.2d 285, 298 (Tex. Crim. App. 1994) (holding that whether the officer’s stop of the defendant was constitutionally reasonable was not relevant to whether the officer was lawfully discharging his duties); 
Tucker  v. State, 
114 S.W.3d 718, 723 (Tex. App.
–
Corpus Christi 2003, pet. ref’d) (holding that regardless of whether an arrest was lawful or unlawful, the deputy constable was in lawful discharge of his duties when he attempted the arrest).  Given this, the foundation to appellant’s argument is missing.    

Appellant’s issue is overruled, and the judgment of the trial court is affirmed.

Brian Quinn

          Chief Justice

Do not publish.  

FOOTNOTES
1:
Misdemeanor assault is a lesser-included offense of assault of a public servant thus meeting the first prong of the 
Rousseau 
test.  
Hall v. State, 
158 S.W.3d 470, 473 (Tex. Crim. App. 2005).