**Opinion filed March 18, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00242-CR
_____

## RUDOLPHO LEE ROCHA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 08-3832**

## MEMORANDUM OPINION

The jury convicted Rudolpho Lee Rocha of injury to a child and assessed his punishment at ten years confinement and a $10,000 fine. We affirm.

### I. *Background Facts*

It is undisputed that Rocha threw a baby walker and hit his daughter C.R. in the head. The dispute involved Rocha's intent: did he intentionally hit C.R. or was this an unfortunate accident?

Rocha was outside playing with his children. It was cold and windy and it was starting to get dark, so Rocha told the kids to come inside the house. As they were doing so, the wind caught the glass door and it hit the air conditioner. Rocha grabbed the door with one hand. His youngest daughter, M.R., was crawling on the floor trying to go back outside, and he blocked her with his foot. He had M.R.'s walker in his other hand. He then noticed C.R. picking up M.R. C.R. has a medical condition called hydrocephalus and Dandy-Walker syndrome. This condition makes her acutely susceptible to injury from a head trauma. It also impacts her balance, and she started teeter-tottering. Rocha was concerned that she would fall and hit her head on the coffee table or that M.R. would hit the doorway with her head. He tossed the walker to the side. Rocha claimed that C.R. moved as he was tossing the walker and that he accidently hit her in the head.

Rocha's ex-wife, Samantha Barron, described the incident differently. On the day of the incident, they were still married and she was in the kitchen. Rocha had been mad at C.R. that day and was yelling at her. Barron heard the children come inside and then she heard a thud. Barron went into the living room. Rocha's two older children were on one couch crying. M.R. was on the floor, and C.R. was on the other couch crying and holding her head. The baby walker was upside down beside her. Barron asked Rocha what happened, and he answered that C.R. was "f-----g stupid." Barron took C.R. to the bathroom. She noticed that C.R. was bleeding from a head wound, and Rocha took her to the hospital.

C.R.'s second grade teacher, Peggy Shirley, asked Rocha about the head injury when he brought C.R. to school. Rocha told Shirley that they were throwing something in the dumpster and that C.R. got hit in the head. Shirley asked C.R. if that was what happened, and C.R. answered no, that her father threw something at her.

Out of concern, Shirley asked Kelly Chiles, C.R.'s school counselor, to follow up. C.R. told Chiles that her father tried to hit her with the walker while she was holding her baby sister. C.R. said she "ducked her [sister] down so she wouldn't get hit." Chiles reported the incident to CPS.

II. *Discussion*

Rocha's sole complaint is that the trial court erred when it failed to include his requested submission on the lesser included offense of reckless injury to a child. In determining whether

2

Rocha is entitled to a charge on a lesser-included offense, we must consider all of the evidence introduced at trial. *Young v. State*, 283 S.W.3d 854, 875-76 (Tex. Crim. App. 2009). We employ the two-pronged *Aguilar-Rousseau* test in our review. *Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005) (referring to *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985), and *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)). First, the lesser included offense must be included within the proof necessary to establish the offense charged; second, there must be some evidence that if the defendant is guilty, he is only guilty of the lesser included offense. *Young*, 238 S.W.3d at 875-76. We do not consider the credibility of the evidence and whether it conflicts with other evidence in determining whether an instruction on a lesser included offense should be given. *Id*.

The State charged Rocha with intentionally or knowingly causing his daughter bodily harm. The State agrees that reckless injury to a child is a lesser included offense. The State contends, however, that Rocha has not satisfied the second prong of the *Aguilar-Rousseau* test because there was no evidence permitting a jury to rationally find that Rocha was only guilty of being reckless.

The Penal Code provides that a person acts recklessly when he is aware of, but consciously disregards, a substantial and unjustifiable risk that the circumstances exist or that the result will occur. TEX. PENAL CODE ANN. § 6.03 (Vernon 2003). The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *Id*.

If there was sufficient evidence to justify the requested instruction, it came through Rocha's testimony. He admitted throwing the walker, but claimed that he was trying to get rid of it so that he could grab M.R. before she or C.R. was hurt. Rocha claimed that he threw the walker to the side and that C.R. was only injured because she moved as he was tossing it. This testimony does not establish that, if Rocha is guilty of something, it is only reckless conduct; the evidence does not show that he consciously disregarded a substantial and unjustifiable risk. Instead, if Rocha's testimony is believed, it establishes that he was not guilty of any criminal misconduct. The trial court did not err by denying Rocha's requested instruction, and his issue is overruled.

3

### III. *Holding*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


March 18, 2010

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

4