Opinion filed March 18,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-08-00242-CR

                                                     __________

 

                                RUDOLPHO
LEE ROCHA, Appellant

 

                                                             V.

 

                               
 STATE OF TEXAS, Appellee



 

                                   On
Appeal from the 106th District Court

 

                                                            Gaines
County, Texas

 

                                                    Trial
Court Cause No. 08-3832

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The jury convicted
Rudolpho Lee Rocha of injury to a child and assessed his punishment at ten
years confinement and a $10,000 fine.  We affirm.  

I. Background
Facts

It
is undisputed that Rocha threw a baby walker and hit his daughter C.R. in the
head.  The dispute involved Rocha’s intent:  did he intentionally hit C.R. or
was this an unfortunate accident?

Rocha
was outside playing with his children.  It was cold and windy and it was
starting to get dark, so Rocha told the kids to come inside the house.  As they
were doing so, the wind caught the glass door and it hit the air conditioner.  Rocha
grabbed the door with one hand.  His youngest daughter, M.R., was crawling on
the floor trying to go back outside, and he blocked her with his foot. He had
M.R.’s walker in his other hand.  He then noticed C.R. picking up M.R.  C.R.
has a medical condition called hydrocephalus and Dandy-Walker syndrome.  This
condition makes her acutely susceptible to injury from a head trauma.  It also
impacts her balance, and she started teeter-tottering. Rocha was concerned that
she would fall and hit her head on the coffee table or that M.R. would hit the
doorway with her head.  He tossed the walker to the side.  Rocha claimed that
C.R. moved as he was tossing the walker and that he accidently hit her in the
head.

Rocha’s
ex-wife, Samantha Barron, described the incident differently.  On the day of
the incident, they were still married and she was in the kitchen.  Rocha had
been mad at C.R. that day and was yelling at her.  Barron heard the children
come inside and then she heard a thud.  Barron went into the living room. 
Rocha’s two older children were on one couch crying.  M.R. was on the floor,
and C.R. was on the other couch crying and holding her head.  The baby walker
was upside down beside her.  Barron asked Rocha what happened, and he answered
that C.R. was “f-----g stupid.”  Barron took C.R. to the bathroom.  She noticed
that C.R. was bleeding from a head wound, and Rocha took her to the hospital.

C.R.’s
second grade teacher, Peggy Shirley, asked Rocha about the head injury when he
brought C.R. to school.  Rocha told Shirley that they were throwing something
in the dumpster and that C.R. got hit in the head.  Shirley asked C.R. if that
was what happened, and C.R. answered no, that her father threw something at
her.

Out
of concern, Shirley asked Kelly Chiles, C.R.’s school counselor, to follow up. 
C.R. told Chiles that her father tried to hit her with the walker while she was
holding her baby sister.  C.R. said she “ducked her [sister] down so she
wouldn’t get hit.”  Chiles reported the incident to CPS.

II. Discussion

Rocha’s
sole complaint is that the trial court erred when it failed to include his
requested submission on the lesser included offense of reckless injury to a
child.  In determining whether Rocha is entitled to a charge on a
lesser-included offense, we must consider all of the evidence introduced at
trial.  Young v. State, 283 S.W.3d 854, 875-76 (Tex. Crim. App. 2009). 
We employ the two-pronged Aguilar-Rousseau test in our review.  Hall
v. State, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005) (referring to Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985), and Rousseau v.
State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)).  First, the lesser included
offense must be included within the proof necessary to establish the offense
charged; second, there must be some evidence that if the defendant is guilty,
he is only guilty of the lesser included offense.  Young, 238 S.W.3d at
875-76.  We do not consider the credibility of the evidence and whether it
conflicts with other evidence in determining whether an instruction on a lesser
included offense should be given.  Id.

The
State charged Rocha with intentionally or knowingly causing his daughter bodily
harm.  The State agrees that reckless injury to a child is a lesser included
offense.  The State contends, however, that Rocha has not satisfied the second
prong of the Aguilar-Rousseau test because there was no evidence
permitting a jury to rationally find that Rocha was only guilty of being
reckless.

The
Penal Code provides that a person acts recklessly when he is aware of, but
consciously disregards, a substantial and unjustifiable risk that the
circumstances exist or that the result will occur.  Tex. Penal Code Ann. § 6.03 (Vernon 2003).  The
risk must be of such a nature and degree that its disregard constitutes a gross
deviation from the standard of care that an ordinary person would exercise
under all the circumstances as viewed from the actor’s standpoint.  Id. 


If
there was sufficient evidence to justify the requested instruction, it came
through Rocha’s testimony.  He admitted throwing the walker, but claimed that
he was trying to get rid of it so that he could grab M.R. before she or C.R. was
hurt.  Rocha claimed that he threw the walker to the side and that C.R. was
only injured because she moved as he was tossing it.  This testimony does not
establish that, if Rocha is guilty of something, it is only reckless conduct; the
evidence does not show that he consciously disregarded a substantial and
unjustifiable risk.  Instead, if Rocha’s testimony is believed, it establishes
that he was not guilty of any criminal misconduct.  The trial court did not err
by denying Rocha’s requested instruction, and his issue is overruled.




III. Holding

The
judgment of the trial court is affirmed.   

                                                            

            

                                                                                    RICK
STRANGE

                                                                                    JUSTICE

 

March 18, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J., 

McCall, J., and Strange, J.