**AFFIRMED; Opinion Filed August 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00691-CR

**ARTHUR LEE SNEED, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-58597**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Evans

Appellant Arthur Lee Sneed appeals from the judgment adjudicating him guilty of assault on a public servant. In a single issue, appellant contends there was insufficient evidence to support his conviction. Finding no merit in appellant's argument, we affirm the trial court's judgment.

### BACKGROUND

On August 10, 2011 around 2:45 a.m., appellant was driving slowly in a Dallas area known for its criminal activity, including prostitution and drug use. Officers Woodburn and Buchanan were patrolling the area and pulled appellant over after he failed to maintain a single lane of traffic. Officer Woodburn testified that he could see appellant moving around in the cabin of his truck as he approached appellant's truck. Officer Woodburn testified that appellant

was scrambling around frantically in the cabin and was very upset. Based on appellant's frantic behavior and his aggressive and angry demeanor, Officer Woodburn testified that he asked appellant to step out of the car. Officer Woodburn testified that appellant pushed open the door, untucked his shirt, balled his fists up and lunged at him. Officer Woodburn drew his pepper spray and asked him to get down on the ground. Appellant complied. After re-holstering his pepper spray, Officer Woodburn grabbed appellant's arm to place him in handcuffs when appellant resisted and bit Officer Woodburn in the leg. After Officer Woodburn fell to the ground, appellant bit him a second time before his partner was able to restrain appellant.

Appellant was indicted for assault of a public servant. He pleaded not guilty and was convicted by a jury. The trial court assessed punishment at ten years' confinement, suspended for three years' community service. Appellant then filed this appeal.

## ANALYSIS

### A.    *Standard of Review*

Sneed contends the evidence is legally insufficient to prove beyond a reasonable doubt that he was guilty of assault on a public servant. When an appellant challenges the sufficiency of the evidence to support a conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id.* If the evidence is conflicting, we "'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to that determination." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). This standard is the same for both direct and circumstantial evidence. *Id.*

### B. Sufficient Evidence for Conviction

A person commits assault if the person intentionally, knowingly or recklessly causes bodily injury to another. *See* TEX. PEN. CODE ANN. § 22.01(a)(1) (West Supp. 2013). The Texas Penal Code defines an offense under subsection (a)(1) as a Class A misdemeanor except "that the offense is a felony of the third degree if the offense is committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty . . . ." *See* TEX. PEN. CODE ANN. § 22.01(b). Appellant argues that the evidence at trial was insufficient to demonstrate that the officers were lawfully discharging their duties when they attempted to handcuff appellant. We disagree.

An officer is considered to be lawfully discharging his duties as long as the officer is "acting within his capacity as a peace officer." *See Johnson v. State*, 172 S.W.3d 6, 11 (Tex. App.—Austin 2005, pet. ref'd) (quoting *Guerra v. State*, 771 S.W.2d 453, 461 (Tex. Crim. App. 1988); *Hughes v. State*, 897 S.W.2d 285, 298 (Tex. Crim. App. 1994). In order to determine whether an officer is acting within his capacity as a peace officer, the court looks to the details of the encounter including whether the officer was in uniform, on duty, and whether he was on regular patrol at the time of the assault. *Johnson,* 172 S.W.3d at 11. Essentially, an officer is lawfully discharging his duties if he is not "criminally or tortiously abusing his office as a public servant." *Id.*; *Hall v. State*, 158 S.W.3d 470, 474–75 (Tex. Crim. App. 2005) ("the 'lawful discharge' of official duties in this context means that the public servant is not criminally or tortiously abusing his office as a public servant by acts of, for example, 'official oppression' or 'violations of the civil rights of a person in custody' or the use of unlawful, unjustified force.") (footnotes omitted).

Officer Woodburn testified that he was (1) wearing a uniform, (2) on duty, and (3) on his assigned patrol at the time of the assault. He testified that appellant failed to maintain his vehicle

in a single lane of traffic by straddling the dividing line between two lanes when Officer Woodburn pulled him over. Officer Woodburn testified that appellant's frantic and hostile behavior required that he instruct appellant to exit the vehicle. Appellant then took a hostile stance by throwing open the door, balling his fists, and lunging at Officer Woodburn. In response, Officer Woodburn testified that he instructed appellant to get down on the ground. Considering all the evidence presented on this issue, we conclude that the jury, as the fact finder in this case, was rationally justified in determining that the officers were lawfully discharging a duty and were not using unlawful or unjustified force at the time appellant assaulted Officer Woodburn. Accordingly, appellant's sole issue is overruled.

## CONCLUSION

We resolve appellant's issue against him and affirm the trial court's judgment.


/ David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
130691F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARTHUR LEE SNEED, Appellant

No. 05-13-00691-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-58597-T.
Opinion delivered by Justice Evans.
Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of August, 2014.