# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00027-CR

**Blair Beck McCall, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-15-0868, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

The outcome of this case poses harm to the State's policy of protecting family-violence victims and complicates the task of prosecutors seeking justice in family-violence cases. Because the opinion by the Court of Criminal Appeals in *Ortiz v. State* compels the resolution of the first issue on appeal, *see* 623 S.W.3d 804 (Tex. Crim. App. 2021), and because the evidence is legally sufficient to support McCall's conviction for assault family violence, I join the opinion and judgment of the Court. However, I write separately to echo the concerns of the dissenting opinions in *Ortiz*.

The Penal Code provides that a person commits the offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." Tex. Penal Code § 22.01(a). "'Bodily injury'" is broadly defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8). As relevant to this case, the same statute setting out the elements of the offense of assault also elevates the offense level when the offense is committed

against "a person whose relationship to or association with the defendant is described by" the Family Code if the defendant has previously been convicted of assaulting someone "whose relationship to or association with the defendant is" similarly described by the Family Code or if "the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." *Id.* § 22.01(b)(2). In other words, to constitute assault family violence, there must be evidence of a simple assault as well as evidence of the additional elements listed above. *See id.* § 22.01.

The legislature added the second enhancing element in 2009 because "[i]n domestic violence cases, strangulation is statistically correlated with an increased risk of lethality," because "[t]en percent of violent deaths in the United States are due to strangulation," because strangulation "serves as a statistical indicator that the perpetrator is more likely to commit future acts of aggression against the victim," and because "a domestic violence victim who has been strangled is nine times more likely to eventually be killed than one who has not." Senate Comm. on Crim. Just., Bill Analysis, H.B. 2066, 81st Leg., R.S. (2009). Moreover, the amendment was made because "cases of strangulation and suffocation in domestic violence situations are not taken seriously enough nor punished harshly enough," because the amendment "would give prosecutors more tools to combat domestic violence and would better protect victims and more appropriately punish offenders," and because the "increased penalty could keep offenders incarcerated longer, giving victims more time to take steps to protect themselves." House Comm. on Criminal Juris., Bill Analysis, Tex. H.B. 2066, 81st Leg., R.S. (2009). As demonstrated by the Court's opinion, treating an offense under subsection 22.01(b)(2)(B) as a separate and distinct type of assault as opposed to an enhancement for assault

2

risks undermining if not imperiling these legislative goals by allowing individuals accused of assaulting a family member from avoiding all punishment if the evidence supporting the occlusion allegation is insufficient. *See* Tex. Penal Code § 22.01(b)(2)(B). That is the unjust result here.

In this case, the trial court gave an instruction for the charged offense of assault family violence by strangulation as well as a lesser-included-offense instruction for the offense of assault family violence by applying pressure to the victim's neck or blocking her nose or mouth. However, under the analysis from *Ortiz*, a lesser-included assault instruction cannot be given even if "there was evidence . . . that the defendant's assaultive act entailed the application of *some* degree of pressure to his family member's neck or throat" and caused pain or impairment of physical condition but "was not enough to actually impede the normal breathing or circulation of the blood." 623 S.W.3d at 811 (Yeary, J., concurring and dissenting). That result seems at odds with the statutory definition of a lesser-included offense as being an offense "established by proof of the same or less than all the facts required to establish the commission of the offense charged" or an offense that "differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person . . . suffices to establish its commission." Tex. Code Crim. Proc. art. 37.09(1), (2).

In addition, the treatment of "occlusion" assault as a separate offense from assault is inconsistent with the language and structure of the assault statute. *See* Tex. Penal Code § 22.01. The assault statute explains that assault is a misdemeanor but enhances the offense level if the offense is committed against one of six types of people: public servants, individuals whose relationship with a defendant is described by the Family Code, government contractors, security officers, emergency services personnel, and pregnant individuals. *See id.* § 22.01(b). As discussed

3

in Presiding Judge Keller's dissent in *Ortiz*, the six types of people are listed in "parallel clauses" in the statute, and there appears to be no dispute that the clauses pertaining to the five types of victims other than family members do not describe separate offenses distinct from assault. *See Ortiz*, 623 S.W.3d at 815 (Keller, P.J., dissenting).

Given this parallel statutory structure, it is logical to conclude that the remaining clause pertaining to assault family violence and including the occlusion language similarly does not set out an offense separate from assault but instead describes aggravating elements to the offense of assault that increases the offense level. *Id.* Accordingly, just as a lesser-included instruction for assault can be given in cases in which a defendant is charged under one of the other parallel clauses, *see, e.g.*, *Hall v. State*, 158 S.W.3d 470, 473-76 (Tex. Crim. App. 2005) (discussing when lesser-included-assault instruction would be available in case alleging assault of public servant), that option should also be available in cases involving assault family violence alleging occlusion when the requirements for a lesser-included offense have otherwise been met.

Having expressed these concerns, I acknowledge that *Ortiz* is binding authority and compels the resolution of McCall's first issue on appeal and, accordingly, fully join the Court's judgment and opinion. The resolution of this case warrants the Legislature's continued vigilance in the area of family-violence offenses.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Filed: September 22, 2021

Publish

4