**Affirm and Opinion Filed November 8, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00567-CR

## HECTOR ISMAEL MACHUCA, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F-2075032-Y**

## MEMORANDUM OPINION
Before Justices Pedersen, III,[1] Nowell, and Smith
Opinion by Justice Nowell

A jury convicted Hector Ismael Machuca of aggravated sexual assault of a child and sentenced him to fifteen years' confinement. In a single issue, appellant argues the trial court erred by overruling his request for an instruction on the lesser-included offense of indecency with a child. We affirm the trial court's judgment.

---

[1] The Honorable Leslie Osborne participated in the submission of this case; however, she did not participate in issuance of this memorandum opinion due to her resignation on October 24, 2022. The Honorable Bill Pedersen, III has substituted for Justice Osborne in this cause. Justice Pedersen has reviewed the briefs and the record before the Court

BACKGROUND

The State charged appellant with aggravated sexual assault of a child in violation of section 22.021(a)(1)(B)(i) of the penal code. The indictment alleges that on or about March 1, 2017, appellant "did unlawfully then and there intentionally and knowingly cause the penetration of the anus of M.M., a child, by an unknown object, and at the time of the offense, the child was younger than fourteen years of age."

The evidence shows M.M.'s mother dated and lived with appellant for nearly seven years, and M.M. considered appellant to be her step-father. M.M. testified appellant sexually assaulted her once or twice per week beginning when she was nine or ten years old. M.M. recounted that when her mother would leave the house to walk the dog, appellant would tell M.M. come into his bedroom, "put me on the bed," and tell her to turn around. "And he pulled my pants down, and then he put his penis in my butt." The State asked M.M.: "You were certain it was his penis?" And she replied: "Yes, I was very certain." She also was "very certain" that appellant's penis penetrated her anus and not her vagina. M.M. did not offer contradictory testimony.

M. M. also testified that she was approximately eleven years old when she was awakened because appellant was "touching my boob. He was rubbing it in the middle of the night." He told her to "shush" and returned to his room.

During the charge conference, the State objected to the inclusion of a lesser-included offense instruction on indecency with a child by contact, and, after hearing arguments, the trial court did not include the lesser-included offense instruction in the charge. The jury convicted appellant as charged.

LAW & ANALYSIS

In a single issue, appellant argues the trial court erred by failing to include an instruction on the lesser-included offense of indecency with a child in the jury charge. Appellant asserts that, if the jury had believed beyond a reasonable doubt that he touched M.M.'s breast, then it could have convicted him of indecency with a child. However, at trial, appellant argued that the lesser-included-offense instruction should be included because M.M.'s testimony was unclear about whether appellant's penis penetrated her anus; appellant's counsel argued at trial that M.M. "testified both ways." Counsel concluded that if there was no penetration, then the offense would be indecency. Appellant did not argue at trial that he was entitled to the lesser-included-offense instruction based on M.M.'s testimony that he rubbed her breast. We will consider appellant's argument as it was presented to the trial court.

We use a two-prong test to determine whether a defendant is entitled to an instruction on a lesser-included offense. *Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005); *Cortez v. State*, No. 05-19-00561-CR, 2020 WL 3248477, at *1 (Tex. App.—Dallas June 16, 2020, pet. ref'd) (mem. op., not designated for

publication). The first prong requires us to determine whether the offense for which the instruction was requested is a lesser-included offense of the charged offense. *Hall*, 158 S.W.3d at 473; *Cortez*, 2020 WL 3248477, at *1. The second prong requires us to determine whether the record contains some evidence that would permit a rational jury to find the defendant guilty only of the lesser-included offense. *Hall*, 158 S.W.3d at 473; *Cortez*, 2020 WL 3248477, at *1. "It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather, there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted." *Cortez*, 2020 WL 3248477, at *1 (quoting *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)).

The penal code states that a person commits an offense if the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i). In contrast, a person commits indecency with a child if the person engages in sexual contact with the child or causes the child to engage in sexual contact. *See id*. § 21.11(a)(1). "Sexual contact" is defined as "(1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person" when committed with the intent to arouse or gratify the sexual desire of any person. *See id*. § 21.11(c).

–4–

As to the first prong of our analysis, indecency with a child is a lesser-included offense of aggravated sexual assault of a child where both charges are based on the same incident. *Cortez*, 2020 WL 3248477, at \*1 (citing *Evans v. State*, 299 S.W.3d 138, 143 n.6 (Tex. Crim. App. 2009)). The State concedes indecency with a child by contact can be a lesser-included offense of aggravated sexual assault of a child. However, the State argues, the trial court properly denied appellant's request for a lesser-included-offense instruction because no evidence supported giving the instruction under the second prong. We agree.

M.M. testified she was certain appellant penetrated her anus with his penis. No evidence was "directly germane" to the lesser-included offense, and the evidence did not establish the lesser-included offense as a valid, rational alternative to the charged offense. *See Simms v. State*, 629 S.W.3d 218, 222 (Tex. Crim. App. 2021). Because no evidence supported giving the instruction under the second prong, the trial court did not err by not giving the instruction. We overrule appellant's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

210567f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HECTOR ISMAEL MACHUCA, Appellant

No. 05-21-00567-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas Trial Court Cause No. F-2075032-Y. Opinion delivered by Justice Nowell. Justices Pedersen, III and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of November, 2022.