*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-10-00364-CR

Deshawn **VAUGHNS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 09-04-00040-CRK
Honorable Bert Richardson, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  March 16, 2011

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

A jury convicted appellant Deshawn Vaughns of two counts of assault on a public servant.  After the trial court found two enhancement paragraphs true, the trial court sentenced Vaughns to thirty-five years' imprisonment.  In three issues, Vaughns contends: (1) the trial court erred by refusing to submit a self-defense instruction, (2) the trial court erred by refusing to include a lesser-included offense instruction, and (3) the evidence was legally insufficient to support the enhancement paragraph.

**BACKGROUND**

Vaughns is an inmate in the Connally Unit of the Texas Department of Criminal Justice ("TDCJ"). Correctional officers testified that on August 8, 2008, Vaughns was being disruptive while officers were trying to count the inmates before allowing them to go to recreation. Because Vaughns was being disruptive, he was ordered to return to his cell. When Vaughns refused to return to his cell, Officer Vernette Davis requested a video camera and two other officers for a "show of force," per TDCJ policy and procedure.[1] Officers then ordered Vaughns to submit to restraints.

The four guards who tried to subdue Vaughns all testified Vaughns initially turned around in order to submit to restraints, but when Officer Daniel Clark was placing the hand restraints on Vaughns, Vaughns turned around and struck Officer Clark. Vaughns also struck Officer Paul Chavarria in the eye. The recording of the incident was entered into evidence, but the taping did not begin until after the preamble.[2] The video shows three officers surrounding Vaughns while one of the officers pushes Vaughns. After the push, the video shows Vaughns hitting Officer Davis then Officer Chavarria. At the end of the video, Vaughns is sprayed with a chemical agent and submits to restraints.

Vaughns's only witness, inmate Timothy Hernandez, testified that when the officers ordered Vaughns to submit to hand restraints, Vaughns put his hands at "eye level," but showed no signs of aggression. Hernandez testified it was not until the officers "pushed and man handled him" that Vaughns defended himself by pushing back. Once Vaughns pushed back, he and the officers got into a wrestling match "and that's when [Vaughns] started swinging."

---

[1] The purpose of a show of force is to encourage the inmate to comply with orders.

[2] Before "use of force" is employed, a preamble must be videotaped. The preamble explains to the inmate that if the inmate does not comply, force will be used. If the inmate does not comply, the use of force is recorded to document the events.

Hernandez stated Vaughns retreated when the officers sprayed a chemical agent, and thereafter Vaughns laid down on the floor and submitted to hand restraints. Hernandez testified that at no time prior to Vaughns lying on the floor did it appear the officers had their hand restraints out to put them on Vaughns.

Officer Clark testified he was struck in the mouth and bled some, but he did not sustain any permanent damage. Officer Clark returned to work that same day. Due to his injury, Officer Chavarria testified he received stitches and missed eleven days of work.

At trial, Vaughns requested the court instruct the jury on self-defense and on the lesser-included offense of misdemeanor assault; the court refused to instruct the jury on either. The jury convicted Vaughns of two counts of assault on a public servant. Vaughns perfected this appeal.

## ANALYSIS

### *Self-Defense Instruction*

In his first issue, Vaughns contends the trial court abused its discretion in denying his request for a self-defense instruction. Specifically, Vaughns argues the record contains evidence that he was defending himself against the officers because the officers were the initial aggressors.

When analyzing a jury charge, we must decide if error exists. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error does exist, we must then conduct a harm analysis. *See id.* If the defendant objects to the charge at trial, as was the case here, reversal is required if there is "some harm" to his rights. *Id.*

"[A] defendant has a right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the

trial court may think about the credibility of the evidence. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006) (citing *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999)). It is for the jury, not the judge to decide whether the evidence is credible or not. *Id.* (citing *Granger*, 3 S.W.3d at 38).

Under the Texas Penal Code, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31 (West Supp. 2010). Vaughns argues there is evidence in the record he was acting in self-defense. We disagree.

Under the Penal Code:

> An officer or employee of a correctional facility is justified in using force against a person in custody when and to the degree the officer or employee reasonably believes the force is necessary to maintain the security of the correctional facility, the safety or security of other persons in custody or employed by the correctional facility, or his own safety or security.

TEX. PENAL CODE ANN. § 9.53 (West 2003). If the officer's use of force falls within this definition, the officer was lawfully discharging his official duties. *Hall*, 158 S.W.3d at 475. In *Hall*, the appellant "refused to obey a legitimate order by a correctional officer." *Id.* at 476. The appellant was shoved toward his cell after he refused an order to return to his cell, and the court explained this use of force was reasonable to maintain officer and inmate safety as well as to maintain security in the prison. *Id.* at 475. There was no evidence in *Hall* that the officer "unjustifiably or maliciously hauled off and pushed or punched a quietly passing inmate who was minding his own business." *Id.*

Vaughns relies on the testimony of inmate Hernandez, who stated the officers "decided to rough him up, push him." Hernandez testified that when Vaughns was ordered to submit to

restraints, Vaughns "kept his hands down eye level." As Officer Chavarria explained, when an inmate submits to restraints, they must turn around and place their hands behind their back with their hands open. Testimony from both parties show Vaughns did not comply with the order to submit to restraints. Because Vaughns did not comply with the order, the officers were justified in using lawful force to maintain security at the prison. There is no evidence the officers used unlawful force, and Vaughns was not entitled to use self-defense in response to lawful force. *See* TEX. PENAL CODE ANN. § 9.31.

Accordingly, we hold the trial court did not err by refusing to submit a self-defense instruction to the jury because the officer's were justified in using lawful force. We overrule Vaughns's first issue.

### *Lesser-Included Offense Instruction*

Vaughns next contends the trial court erred by denying his request for a lesser-included offense instruction on misdemeanor assault. We disagree.

An offense is a lesser-included offense if:

> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk or injury to the same person, property, or public interests suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2009).

We review the trial court's decision regarding exclusion of a lesser-included offense in the jury charge for abuse of discretion. *Jackson v. State*, 160 S.W.3d 568, 572 (Tex. Crim. App. 2005). A court must apply the *Aguilar/Rosseau* two-prong test when determining whether the

jury should be instructed on a lesser-included offense. *See Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002), *superseded by statute on other grounds*, TEX. CODE CRIM. PROC. ANN. art. 37.071, *as recognized in Coleman v. State*, No. AP-75478, 2009 WL 4696064 (Tex. Crim. App. Dec. 9, 2009). Under the *Aguilar/Rossueau* test, the Texas Court of Criminal Appeals has held that misdemeanor assault is a lesser included offense of assault of a public servant. *See Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). Accordingly, the first prong of the test is satisfied in this case.

Next, the court must ascertain whether the record contains some evidence that would permit a rational jury to convict the defendant of only the lesser-included offense and acquit him of the greater offense. *Threadgill*, 146 S.W.3d at 665. To make this determination, we must evaluate the entire record, without considering the weight and credibility of the evidence. *Hall*, 158 S.W.3d at 473. If more than a scintilla of evidence exists, a defendant is entitled to an instruction on the lesser-included offense. *Id.*

If the record contains evidence "that negates one of the four additional elements of assault on a public servant, yet admits the underlying assault, appellant would be entitled to a lesser-included charge of misdemeanor assault." *Id.* at 474. Vaughns contends the officers were not lawfully discharging their official duty because they were the initial aggressors. In order to warrant an instruction on the lesser-included offense of misdemeanor assault, the record must contain some evidence that the officer "was criminally or tortiously abusing his status as a public servant at the time of the assault" by using unjustified force, engaging in official oppression, violating civil rights. *Id.* at 474-75.

As stated above, the officers were lawfully discharging their duties because Vaughns failed to submit to an order. If the officers pushed or "lay[ed] their hands" on Vaughns, we hold

it was a reasonable use of force because Vaughns was not properly submitting to restraints. There was no evidence in this case that would negate that the officers were lawfully discharging their duties at the time Vaughns punched Officers Chavarria and Clark. Because the second prong of the *Aguilar/Rossueau* test has not been established, we overrule Vaughns's second issue.

### *Punishment-Enhancement*

In his final issue, Vaughns contends the evidence was legally insufficient to establish his prior convictions for enhancement purposes at the punishment phase. The State concedes error and we agree.

The State has the burden to prove, beyond a reasonable doubt, that any prior conviction used to enhance a sentence was final under the law. *Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007). Section 12.42 of the Penal Code allows a punishment to be enhanced, as a habitual offender, to a term of not more than ninety-nine years or less than twenty-five years if the defendant has previously been finally convicted of two felony offenses. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2010). The Code also states that an adjudication by a juvenile court "that a child engaged in delinquent conduct on or after January 1, 1996, constituting a felony offense for which the child is committed to the Texas Youth Commission . . . is a final felony conviction." *Id.* § 12.42(f). But, as the State points out in their brief, section (f) does not apply to section (d). Section (f) begins, "For the purposes of Subsections (a), (b), (c)(1), and (e)," but section (d) was intentionally omitted. *Id.* It is clear the Texas Legislature did not intend for juvenile adjudications to be final felony convictions in order to enhance a sentence under subsection (d) as a habitual offender.

Vaughns's sentence was enhanced under section (d) because he has two prior juvenile adjudications. But, as stated above, juvenile adjudications cannot be final for purposes of enhancement under section 12.42(d) of the Texas Penal Code. Therefore, we sustain Vaughns's third issue.

## CONCLUSION

Based on the foregoing, we affirm the judgment of conviction, but reverse and remand for re-sentencing.

Marialyn Barnard, Justice

Do Not Publish