**Affirmed and Memorandum Opinion filed January 12, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00543-CR

---

**TOBY GUILLORY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 62,858**

## MEMORANDUM OPINION

A jury convicted appellant Toby Guillory of one count of assault on a public servant and assessed punishment at 20 years' confinement and a $10,000 fine. Appellant challenges his conviction in four issues, arguing that (1) the evidence is legally insufficient; (2) the trial court erred by prohibiting his counsel's question during voir dire; (3) the court erred by denying the admission of evidence concerning a witness's credibility; and (4) the court erred by refusing to instruct the jury on a lesser-included offense. Appellant also challenges his sentence in one issue, arguing that the evidence is legally insufficient to prove a prior conviction for enhancement. We affirm.

BACKGROUND

Appellant was incarcerated at the Darrington Unit prison where he and more than 100 inmates were gathered for lunch in the cafeteria on August 15, 2008. Sergeant Carl Davis, the complainant, attempted to quell a disturbance created by an inmate who was sitting where he should not have been. Other inmates began yelling, banging cups and pitchers on metal tables, getting up from their seats, and creating a loud and chaotic situation. Captain Steven Henson, Davis's supervisor, arrived in the cafeteria during the disturbance and told Davis to leave. He was not sure if Davis heard him because of the noise in the cafeteria. Davis testified that he did not hear the order.

While Davis was restraining one of the unruly inmates, appellant punched Davis in the face. Henson and Davis testified that Davis did not unlawfully assault or threaten any inmates or commit any unlawful act.

The jury found appellant guilty of one count of assault on a public servant. *See* Tex. Penal Code Ann. § 22.01(b)(1) (Vernon 2011).[1] During punishment, the jury found true the paragraph of the indictment alleging that appellant had been previously convicted of attempted capital murder.

## SUFFICIENCY OF THE EVIDENCE FOR CONVICTION

In his first issue, appellant argues that the evidence is legally insufficient to prove that Davis was a public servant "lawfully" discharging an official duty.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi v.*

_____

[1] The jury acquitted on a second count alleging that appellant struck Davis with a crutch.

2

*State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Thus, we defer to the jury's responsibility to fairly resolve conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id.*

The offense of assault on a public servant as alleged in this case requires proof of misdemeanor assault plus four additional elements: (1) the person assaulted was a public servant; (2) the defendant knew that the person assaulted was a public servant; (3) the person assaulted was discharging official duties at the time of the assault; and (4) the person assaulted was lawfully discharging those duties. *Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005) (citing Tex. Penal Code Ann. § 22.01(b)(1)).

Appellant argues the evidence is legally insufficient to prove that Davis was lawfully discharging his duties — the fourth element — because (1) Henson ordered Davis to leave the cafeteria; (2) Davis failed or refused to do so in violation of a departmental policy concerning insubordination; and (3) the departmental policy has the force of law. No court has held that a public servant's violation of a departmental policy renders the person's conduct "unlawful" for purposes of a prosecution under Section 22.01(b)(1) of the Penal Code. Indeed, the Court of Criminal Appeals has defined "lawful discharge" in this context as the public servant "not criminally or tortiously abusing his office as a public servant by acts of, for example, 'official oppression' or 'violations of the civil rights of a person in custody' or the use of unlawful, unjustified force." *Id.* at 474 (footnotes omitted). Thus, the key question in this case is whether the evidence shows that Davis was "criminally or tortiously abusing his status as a public servant at the time of the assault." *Id.* at 475. "[E]vidence of the violation of internal prison policies and procedures does not suffice to raise a valid, rational conclusion that [the officer] was criminally or tortiously abusing his official office or duties at the time of the assault." *Id.* at 476.

Appellant's argument rests solely on the violation of a departmental policy. Appellant does not allege, nor is there evidence in the record, that Davis was criminally

3

or tortiously abusing his status as a public servant at the time of the assault. Therefore, the evidence is legally sufficient to support the conviction.

Appellant's first issue is overruled.

### JURY CHARGE ON LESSER-INCLUDED OFFENSE OF ASSAULT

In his fourth issue, appellant argues that the trial court reversibly erred by denying an instruction on the lesser-included offense of assault because, "in derogation of the *R. Hall* case, [Davis] was not behaving as a public servant in the *lawful* discharge of an official duty." Appellant contends that the key question is "whether the Texas Department of Criminal Justice's [TDCJ] policy requiring an employee to obey the lawful orders is tantamount to failing to lawfully discharge an official duty within the terms of Texas Penal Code § 22.01(b)(1)."

In *Hall*, the inmate-defendant requested an instruction on the lesser-included offense of misdemeanor assault when he was charged with assaulting a public servant. 158 S.W.3d at 472. He introduced evidence that the assaulted correctional officer may have violated a TDCJ policy that forbade officers from touching inmates under the circumstances of that case. *Id.* The Court of Criminal Appeals held that the inmate was not entitled to an instruction on misdemeanor assault because there was no evidence that the officer was criminally or tortiously abusing his status as a public servant at the time of the assault, notwithstanding any violation of a TDCJ policy. *Id.* at 475–76.

*Hall* held that violating a TDCJ policy is no evidence itself of the "unlawful" discharge of duties. *See id.* at 476. Further, there is no evidence and appellant does not contend that Davis was acting criminally or tortiously at the time of the assault. Thus, the trial court correctly refused the instruction on misdemeanor assault.

Appellant's fourth issue is overruled.

4

In his second issue, appellant argues that the trial court reversibly erred by denying appellant "an opportunity to question potential jurors regarding whether an individual would ever be justified in exercis[ing] self-defense." He contends that trial counsel was prevented from asking venire members about "their attitudes concerning the concept of self-defense," and the prohibited question was "a proper commitment question calculated to ferret out those individual prospective jurors who could not give the Appellant the benefit of a legislatively enacted defense to justify one's conduct." Appellant claims trial counsel was "essentially trying to determine whether the potential jurors could consider self-defense in the context of a prosecution for felony assault as indicted."

The prohibited question was: "Can anyone think of an assault case where someone might present that would be some justification for hitting someone?" Regardless of whether the trial court abused its discretion by prohibiting this question, we find no harm.

For this type of error, we must reverse unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *Davis v. State*, No. 14-09-00192-CR, __ S.W.3d __, 2011 WL 5346094, at *2 (Tex. App.—Houston [14th Dist.] Nov. 8, 2011, pet. filed) (citing Tex. R. App. P. 44.2(a)). Relevant factors for our consideration include:

> (1) any testimony or physical evidence admitted for the jury's consideration; (2) the nature of the evidence supporting the verdict; (3) the character of the alleged error and how it might be considered in connection with other evidence in the case; (4) the jury instructions; (5) the State's theory and any defensive theories; (6) closing arguments; (7) voir dire; and (8) whether the State emphasized the error.

*Id.* (citing *Rich v. State*, 160 S.W.3d 575, 577–78 (Tex. Crim. App. 2005)).

During voir dire, appellant's trial counsel was allowed to question the venire members extensively about self defense under the particular circumstances of this case,

rather than about hypothetical situations in which hitting someone would be justified. For example, counsel asked venire members the following questions:

One of the defenses that exist in Texas under the law is self-defense. And that's what I was getting at.

Does anyone believe that there's no fact scenario where someone should be able to defend themself inside prison? Anyone on the first row believe you shouldn't be able to defend yourself in prison?

\*               \*               \*

[S]ome people say, look, an inmate should never be able to defend themselves against a guard. Some people might have that particular belief that self-defense shouldn't apply to an inmate.

Does anyone — and I'll go back on rows. Does anyone on the second row think that an inmate should not be able to claim self-defense in a case, where it's a guard assaulted?

\*               \*               \*

I'm just saying if the facts were there that it was self-defense, would everyone be able to say, like, okay, even though he's an inmate inside T.D.C.J., he has that right to defend himself, if the facts existed, cause some people say, no, an inmate should not be able to defend themselves, that there's no fact scenario they could think of where an inmate should be able to defend themselves against a guard.

Anyone on the third row believe that?

No. 25, you would not be able to apply — if you were given the law of self-defense and the facts that existed on that, you wouldn't be able to apply it?

\*               \*               \*

So, if you were to hear facts in the case that supported self-defense, because this was an inmate, you wouldn't be able to follow that law?

\*               \*               \*

So, if someone were using physical forces as a form of self-defense inside T.D.C., you wouldn't be able to follow the law that they were defending themselves?

Counsel asked each row of venire members whether they could follow the law on self defense when the defendant was a prison inmate. Several venire members responded that

6

they could not follow the law on self defense in this case, and the court struck those venire members for cause upon counsel's request. Thus, we are confident that appellant's counsel was able to determine, based on the permitted questions and answers, "whether the potential jurors could consider self-defense in the context of a prosecution for felony assault as indicted." Counsel in fact was able to "ferret out those individual prospective jurors who could not give the Appellant the benefit of a legislatively enacted defense to justify one's conduct."

The remainder of the record supports our determination beyond a reasonable doubt that no error contributed to the conviction or punishment. The record contains no evidence to support the defense of self defense in this case; there is no evidence that Davis used or threatened any unlawful force against appellant prior to appellant striking Davis. Appellant did not admit to participating in the assault against Davis, and in an interview with an investigator, appellant claimed that he did not do anything and never got up from his table. *Cf. Jackson v. State*, 110 S.W.3d 626, 631–32 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (to obtain an instruction on self defense, the defendant must admit to participating in the offense). Trial counsel did not request an instruction on self defense, nor did he mention the defense during opening or closing arguments. Any error regarding the prohibited question was not harmful to appellant.

Appellant's second issue is overruled.

### EXCLUSION OF EVIDENCE OF A WITNESS'S CONDUCT

In his third issue, appellant argues that the trial court erred by denying appellant his "right to cross-examine and impeach the complainant with evidence that the complainant had been found guilty in an unrelated administrative proceeding of providing false testimony and evidence."

Outside the jury's presence, Davis admitted to being found guilty during an administrative disciplinary proceeding of providing false testimony and information. The State objected, specifically claiming that this evidence was improper impeachment; too

7

remote; irrelevant; and more prejudicial than probative under Rule 403 of the Texas Rules of Evidence. The trial court excluded the evidence, finding that it was irrelevant and the prejudicial value far outweighed any probative value. On appeal, the State argues that the evidence was inadmissible under Rules 608(b) and 609 of the Texas Rules of Evidence.

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). We will not reverse a trial court's ruling that is within the zone of reasonable disagreement. *See id.* An evidentiary ruling "will be upheld on appeal if it is correct on any theory of law that finds support in the record." *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006); *accord McDuff v. State*, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997). This rule applies when the theory of law is raised for the first time on appeal. *See Gonzales*, 195 S.W.3d at 126.

Rule 608(b) provides, "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than the conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence." Tex. R. Evid. 608(b). Thus, prior unrelated acts of lying generally are inadmissible under Rule 608(b). *See Hammer v. State*, 296 S.W.3d 555, 563 (Tex. Crim. App. 2009) ("A witness's general character for truthfulness or credibility may not be attacked by cross-examining him (or offering extrinsic evidence) concerning specific prior instances of untruthfulness."); *see also Lopez v. State*, 18 S.W.3d 220, 223 (Tex. Crim. App. 2000) (noting that prior false allegation of abuse against a person other than the defendant would be inadmissible under Rule 608(b); holding that the Confrontation Clause did not require admission); *Lape v. State*, 893 S.W.2d 949, 959 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (trial court properly limited cross-examination under Rule 608(b) regarding unrelated specific instances of lying by the complainant and another witness).

The administrative adjudication of guilt for providing false testimony and information was more than ten years old and unrelated to the assault at issue in this case. Appellant has not argued, and we cannot conclude, that any exception to the general prohibition of this type of evidence should apply. *See Hammer*, 296 S.W.3d at 563 (discussing the exceptions in Rules 404(b) and 613(b) generally to show bias, self-interest, and motive to testify falsely).[2]

Appellant's third issue is overruled.

### SUFFICIENCY OF THE EVIDENCE FOR PUNISHMENT

In his fifth issue, appellant argues that the evidence is legally insufficient to prove that he is the same person previously convicted of the offense of attempted capital murder as alleged in the enhancement paragraph of the indictment. In particular, appellant complains that although the "pen packet" admitted into evidence contained appellant's fingerprint, no fingerprints were on the certified judgment itself.

Appellant cites no authority for the argument that the judgment, rather than the pen packet, must contain the matching fingerprint. The Court of Criminal Appeals has "consistently held that a prior conviction alleged for enhancement . . . may be established by certified copies of a judgment and a sentence and authenticated copies of the Texas Department of Corrections records including fingerprints, supported by expert testimony identifying them as known fingerprints of the defendant." *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); *accord Varnes v. State*, 63 S.W.3d 824, 834 (Tex. App.— Houston [14th Dist.] 2001, no pet.). The type of evidence described by the Court of Criminal Appeals was admitted in this case. Thus, the evidence is sufficient to support the jury's finding of true for the enhancement.

Appellant's fifth issue is overruled.

---

[2] Appellant does not contend that the administrative adjudication of guilt should fall within the exception for a "crime as provided in Rule 609," and at least one court applying the federal counterpart has rejected such an argument. *See United States v. Werbrouck*, 589 F.2d 273, 277 (7th Cir. 1978).

## CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.


/s/      William J. Boyce
             Justice


Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).