**AFFIRM; and Opinion Filed May 31, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00180-CR**

**KELLY MONK, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-398859-N**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Lang-Miers

A jury convicted appellant Kelly Monk of burglary of a habitation. He pleaded true to prior convictions for robbery and burglary of a building, and the trial court sentenced him to 38 years in prison. Appellant argues on appeal that the evidence is insufficient to support the conviction and the trial court erred by refusing to submit an instruction on the lesser included offense of criminal trespass. For the following reasons, we affirm the trial court's judgment.

### BACKGROUND

The complainant went on vacation in September 2011 and gave a key to her house to her neighbor Annie DeCluette, who lived across the street. DeCluette said she is a "nosey neighbor" and every night before she goes to bed she looks out her window at her neighbors' houses "to see if there is anything going on." She testified that one night while the complainant was on vacation she heard a noise around 11 pm and looked outside. She saw a white "truck looking like a car" in

the complainant's driveway. She saw a man dressed in an orange shirt and khaki shorts trying to break a window. She called 911 and described what she saw for the operator.

Dyhann Richardson, a neighbor who lives next door to the complainant, testified that she heard glass breaking on the night of the offense, looked out, and saw someone at the complainant's house. She also saw a white Suburban in the complainant's driveway that she had never seen before, and she saw a man kicking in a front window. She called 911 and gave the police a description of the man. He was wearing an orange shirt, khaki shorts, and white tennis shoes.

Lancaster police officer Jason Paul Rohack testified that he and other officers responded to a burglary in progress. The dispatcher advised that someone called about seeing a male pull up in front of her neighbor's house in a white Suburban, get out, and walk around the house several times looking in the windows, and that the neighbor was out of town. He testified that when he arrived at the house, he observed a broken window at the front of the house. Then he saw someone inside the house peeking out of the blinds; the person was wearing an orange shirt matching the description he had been given. Rohack instructed the person to come out. The person said okay, but then he disappeared from Rohack's view. Rohack told the other officers to go to the back of the house. About a minute later, Rohack heard the officers ordering someone to get off the fence. Rohack ran to the back of the house and saw appellant climbing over the fence. The officers pulled appellant off the fence and arrested him for burglary of a habitation. He did not have any stolen property or weapons on his person. The white Suburban in the driveway was registered to appellant.

After appellant was arrested, Rohack and DeCluette went inside the complainant's home to secure the window. DeCluette said there was broken glass inside, the room was in disarray,

items were overturned, and several lights were on. Rohack said the closet doors were open and it appeared that someone had gone through the dresser drawers in the bedroom.

The complainant testified that she had not given anyone permission to go in her home while she was gone and that she left the garage and kitchen lights on. She also testified that she did not know appellant and did not know if she had ever met him.

## SUFFICIENCY OF THE EVIDENCE

In issue one, appellant challenges the sufficiency of the evidence to support the conviction. He does not dispute that he entered the complainant's house without consent. Instead, he argues there is no evidence that he entered with the intent to commit theft. He supports his argument by pointing out that he did not have any property belonging to the complainant on his person when he was arrested, no property was removed from the complainant's house, no stolen property was found in his vehicle, and there was no evidence that he was in need of money.

In reviewing a challenge to the sufficiency of the evidence to support a conviction, we must consider all the evidence and reasonable inferences therefrom in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). We determine whether inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the jury's verdict. *Goad v. State*, 354 S.W.3d 443, 450 (Tex. Crim. App. 2011).

A person commits burglary of a habitation when the person, without the effective consent of the owner, enters a habitation with intent to commit theft. TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). Intent is a fact issue for the jury and may be inferred from the circumstances. *Robles v. State*, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984); *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982). It is not necessary for the State to prove a theft was

actually committed or the appellant possessed stolen property. *See Richardson v. State*, 888 S.W.2d 822, 824 (Tex. Crim. App. 1994). The harm results from the entry of the habitation because it is an intrusion into the occupant's reasonable expectation of privacy. *See id*.

In this case, the jury heard evidence that appellant drove up to the complainant's house at night, walked around the house looking in the windows, kicked in a window to gain access to the inside, and entered the house without the complainant's consent. When the police arrived and asked appellant to come out of the house, he ran. Inside, closet doors and dresser drawers were open as if someone had been going through them. Based on this evidence, the jury could reasonably conclude that appellant intended to commit theft. *See Gear*, 340 S.W.3d at 747–48. Having reviewed the evidence under the appropriate standard, we conclude that it is sufficient to support the jury's verdict. We resolve issue one against appellant.

### LESSER INCLUDED OFFENSE INSTRUCTION

In issue two appellant argues that the trial court erred by refusing to charge the jury on the lesser included offense of criminal trespass. We use a two-prong test to determine whether a defendant is entitled to an instruction on a lesser included offense. *Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). The first prong requires us to determine whether the offense for which the instruction was requested is a lesser included offense of the charged offense. *Id*. The second prong requires us to determine whether the record contains some evidence that would permit a rational jury to find the defendant is guilty only of the lesser included offense. *Id*. The evidence must establish that a rational jury could acquit the defendant of the greater offense while convicting him of the lesser. *Id.* In making our determination about whether the test was met, we evaluate the evidence in the context of the entire record, but we do not consider whether the evidence is credible, controverted, or in conflict. *Id.*

A person commits criminal trespass if he "enters . . . property of another . . . without effective consent and the person had notice that the entry was forbidden or received notice to depart but failed to do so." TEX. PENAL CODE ANN. § 30.05(a) (West Supp. 2012). The indictment alleged that appellant "intentionally and knowingly enter[ed] a habitation without the effective consent of . . . the owner . . . with the intent to commit theft[.]" *See id.* § 30.02(a)(1) (West 2011). We conclude that in this case criminal trespass is a lesser included offense of burglary of a habitation. *See Goad*, 354 S.W.3d at 446.

The second prong of the test requires us to determine whether the evidence would permit a rational jury to find that appellant was guilty only of the lesser included offense. *See id*. In other words, the relevant inquiry is whether the evidence would permit a rational jury to believe that appellant's only intent was to commit criminal trespass. *See id.* at 449.

Appellant contends that he was entitled to the instruction on criminal trespass because there was evidence he went in three rooms, the lights were on in those three rooms, and the dresser drawers in the bedroom were open but no valuables were missing. He argues that a reasonable inference is that he "was looking for something" and a rational jury could have concluded that he entered the home looking for food or for an item that belonged to him.

Appellant did not present any evidence during trial. There is no evidence that appellant was looking for food, no evidence the kitchen was disturbed, and the complainant testified that she left the kitchen light on when she left for vacation. Additionally, there is no evidence that appellant was retrieving an item from the complainant's house that belonged to him. The complainant did not know appellant, there was no evidence appellant had ever been to the complainant's house, and the neighbors testified they did not recognize appellant or his vehicle. There simply is no evidence to permit a rational jury to acquit appellant of burglary of a

habitation and find him guilty of criminal trespass. Consequently, the trial court did not err by denying the requested instruction. We resolve issue two against appellant.

## CONCLUSION

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX.R.APP.P.47

120180F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KELLY MONK, Appellant

No. 05-12-00180-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas

Trial Court Cause No. F11-398859-N.

Opinion delivered by Justice Lang-Miers, Justices Murphy and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of May, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE