**Opinion issued August 15, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00161-CR

———————————

**GARY WAYNE THOMPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 78285-CR**

---

## MEMORANDUM OPINION

A Brazoria County grand jury indicted Gary Wayne Thompson for assault of a public servant, a third-degree felony. *See* TEX. PENAL CODE § 22.01(a)(1), (b)(1). Thompson pleaded not guilty. The case was tried before a jury, which found Thompson guilty. The trial court signed a judgment of conviction. It sentenced

Thompson to five years in state prison, suspended the sentence, fined Thompson $500, and placed him on four years of community supervision.

On appeal, Thompson challenges the legal sufficiency of the evidence supporting the conviction, contending that it is insufficient to support findings that the officer suffered bodily injury and that the officer was lawfully discharging an official duty. Thompson also contends that the trial court abused its discretion in excluding evidence of his prior encounter with the officer. We reinstate the appeal on the court's active docket and affirm.

## BACKGROUND

One morning in November 2015, the Clute Police Department received a report of an incident of possible domestic violence at Thompson's home on Crestwood Street. CPD dispatched officers to investigate.

Officer J. Newton found the complainant, Thompson's adult daughter, at a neighbor's home nearby. Earlier that morning, the daughter told Officer Newton, Thompson argued with her about her use of his car the day before. The argument became heated, and Thompson approached her. When she put her hand in front of his face, he bit her forearm. Officer Newton observed a bite mark on her arm.

Patrol Sergeant B. Bryant arrived at the neighbor's home as Officer Newton finished interviewing Thompson's daughter. Officer Newton told Sergeant Bryant

2

that he was ready to speak with Thompson. The officers drove their vehicles the short distance and parked them on the street in front of Thompson's home.

Sergeant Bryant followed Officer Newton to Thompson's front porch. Thompson met them at the open front door and stood just inside the threshold as he responded to the officers' questions. Officer Newton asked Thompson to give his account of the incident. Thompson admitted to having argued with his daughter and bitten her forearm. Officer Newton informed Thompson that he was under arrest and would be taken into custody.

Thompson asked if he could lock up the house, saying that he would lock the front door and come out the side door. As Thompson began to pull the door shut, the officers ordered him not to go back inside and told him that he needed to step outside the doorway and onto the front porch. Officer Newton shouted "no!" several times as he and Sergeant Bryant pushed on the door to keep Thompson from closing it. When they opened the door, they saw Thompson had bent over and clenched his hands into fists.

As Thompson charged at the officers, he punched Officer Newton in the face. Officer Newton stumbled but quickly regained his balance. Then, he and Sergeant Bryant grabbed Thompson and forced him to the floor of the front porch. The officers tried to place handcuffs on Thompson, but he stood up and moved away from them before they could be fastened. The officers wrestled with Thompson in

3

the front yard as he resisted the officers' efforts to gain control. Officer Newton decided to use his taser. He shouted "TASE" three times, then used the taser on Thompson. Thompson fell to the ground, but when the shock ended five seconds later, he tried to stand up again. Officer Newton warned Thompson that he would tase him again if he continued to resist. Thompson did not heed the warning. After Officer Newton used the taser a second time, the officers were able to place handcuffs on Thompson.

The dashboard camera on Officer Newton's vehicle recorded the interaction with Thompson. The camera was not within range of Thompson's front door, so the State presented only audio of the portion that occurred there. It presented both audio and video of the struggle that took place in Thompson's front yard.

A Brazoria County grand jury indicted Thompson, charging that he

> did then and there intentionally, knowingly, or recklessly cause bodily injury to John Newton by hitting John Newton with the defendant's hand, and the defendant did then and there know that the said John Newton was then and there a public servant, to-wit: a peace officer, and that the said public servant was then and there lawfully discharging an official duty.

## DISCUSSION

## I.     Evidentiary Sufficiency

Thompson challenges the sufficiency of the evidence to support two elements essential to prove assault of a public servant: proof that the officer suffered bodily injury and that the officer was lawfully discharging an official duty.

4

### A. Standard of review

In a criminal appeal, we review the defendant's challenge to sufficiency of the evidence supporting jury findings under the standard set forth in *Jackson v. Virginia*. *See* 443 U.S. 307, 319–22 (1979); *Brooks v. State*, 323 S.W. 3d 893, 902 (Tex. Crim. App. 2010). Under it, we examine all the evidence in the light most favorable to the verdict and determine whether a rational factfinder could have found the challenged elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19. We measure the evidence "by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

The jury is the sole judge of the credibility of the witnesses and we do not usurp this role by substituting our judgment for that of the jury. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The jury may believe or disbelieve all or any part of a witness's testimony. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). We presume that the factfinder resolved any inconsistencies in the evidence in favor of the verdict, and we defer to that resolution. *See Brooks*, 323 S.W.3d at 922. As a reviewing court, we may not re-evaluate the evidence's weight and credibility or substitute our judgment for the factfinder's. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone

can suffice to establish guilt. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

### B. Assault of a public servant

An actor commits the misdemeanor offense of assault when the actor "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE § 22.01(a)(1). This offense becomes a third-degree felony, as charged in this case, if it is committed against "a person the actor knows is a public servant while the public servant is lawfully discharging an official duty." *Id.* § 22.01(b)(1). The offense of assault of a public servant thus requires the State to prove, in addition to misdemeanor assault, that:

1. the person assaulted was a public servant;
2. the actor knew that the person he assaulted was a public servant;
3. the person assaulted was discharging official duties at the time of the assault;
4. the person assaulted was lawfully discharging official duties.

*Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005).

A "public servant" is a person elected, selected, appointed, employed, or otherwise designated as an officer, employee, or agent of government. TEX. PENAL CODE § 1.07(a)(41)(A). An officer is lawfully discharging his official duties if the officer is acting within his capacity as a peace officer. *Guerra v. State*, 771 S.W.2d 453, 461 (Tex. Crim. App. 1988); *Johnson v. State*, 172 S.W.3d 6, 11 (Tex. App.—Austin 2005, pet. ref'd). Whether the police officer lawfully arrested or detained a

6

person is not relevant to whether the officer is lawfully discharging an official duty. *Hall*, 158 S.W.3d at 474–75; *Hughes v. State*, 897 S.W.2d 285, 297–98 (Tex. Crim. App. 1994); *see Mays v. State*, 318 S.W.3d 368, 388 (Tex. Crim. App. 2010) (quoting *Montoya v. State*, 774 S.W.2d 15, 29 (Tex. Crim. App. 1987), *overruled on other grounds by Cockrell v. State*, 933 S.W.2d 73 (Tex. Crim. App. 1996)). The officer is lawfully discharging his official duties as long as the officer is not criminally or tortiously abusing his office, such as by committing official oppression, violating the civil rights of a person in custody, or using unlawful, unjustified force. *Hall*, 158 S.W.3d at 474–75. Circumstances relevant to finding whether an officer was acting within his official capacity include whether the officer was in uniform, on duty, and on regular patrol when the assault occurred. *Hughes*, 897 S.W.2d at 298.

### C.    Analysis

Thompson contends that the evidence is legally insufficient to prove that he caused bodily injury to Officer Newton—an element of misdemeanor assault—and the additional element that Officer Newton was lawfully discharging his official duties when the assault occurred.

As result-oriented assaultive offense, the actus reus for bodily-injury assault is causing the bodily injury; the specific act or the nature of the defendant's conduct that caused the bodily injury does not matter. *Landrian v. State*, 268 S.W.3d 532,

7

537 (Tex. Crim. App. 2008). The evidence thus must prove only that the defendant's conduct, accompanied by the required level of intent, caused the bodily injury. *Id.* As Thompson acknowledges, the Texas Court of Criminal Appeals has broadly interpreted "bodily injury" in the context of misdemeanor assault to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).

Officer Newton testified that Thompson clenched his hands into fists, charged at him, and hit him in the face. Evidence adduced at trial included medical records and photographs of Officer Newton's face showing a mark under his right cheekbone. EMS records made in connection with Officer Newton's medical treatment shortly after the incident describe a contusion on Officer Newton's right cheek. Officer Newton confirmed that the photos of the right side of his face were taken later the same day and accurately show his appearance shortly after the incident. He testified that Thompson's punch caused him pain and described the mark it left on his cheek as red and purple from bruising. We hold that on this evidence, a rational factfinder could have found beyond a reasonable doubt that Thompson caused bodily injury to Officer Newton.

In challenging the legal sufficiency of the evidence that Officer Newton was lawfully discharging his official duties when the assault occurred, Thompson points to his own testimony concerning a 2013 car accident in Freeport, in which Officer

8

Newton's police vehicle rear-ended Thompson's car. According to Thompson, Officer Newton, who was responsible for the accident, threatened Thompson that if Officer Newton saw him again, he would arrest Thompson "by any and all means necessary."

This testimony concerning Officer Newton's purported motive to arrest Thompson, however, does not constitute evidence that Officer Newton was not lawfully discharging his official duties when he arrested Thompson in November 2015. *See Hall*, 158 S.W.3d at 474–75 (explaining that officer who does not criminally or tortiously abuse office, i.e., does not commit official oppression, violate civil rights of person in custody, or use unlawful, unjustified force, is lawfully discharging official duties). Viewing the evidence in the light most favorable to the verdict, Officer Newton was on duty and in uniform when he was dispatched to investigate a complaint of family violence from Thompson's adult daughter. After Thompson admitted to having bitten his daughter's arm, Officer Newton told Thompson that he would be arrested and taken into custody. Thompson failed to comply with the officers' orders to stop closing his front door and step outside and, when the officers managed to force the door open, Thompson lunged toward them and punched Officer Newton in the face. The jury was free to disbelieve Thompson's testimony that he did not intend to hit Officer Newton and fell toward the officer because he was off balance. *See Montgomery*, 369 S.W.3d at 192. As a result, we

9

hold that the evidence is legally sufficient to support the jury's finding that Officer Newton was lawfully discharging his official duties when Thompson caused the bodily injury.

## II. Exclusion of Evidence

### A. Standard of review

Claiming that Officer Newton's firing from the Freeport Police Department after the 2013 car accident gave Officer Newton a motive to falsely accuse Thompson of assaulting him, Thompson contends that the trial court violated his right under the Confrontation Clause of the Sixth Amendment to the United States Constitution by excluding Thompson's proffered testimony on that issue. We review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *Walker v. State*, 321 S.W.3d 18, 22 (Tex. App.—Houston [1st Dist.] 2009, pet. dism'd). We will uphold the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Tillman*, 354 S.W.3d at 435; *Walker*, 321 S.W.3d at 22. We will uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

**B.** **Preservation of error**

The State responds that Thompson failed to preserve his constitutional challenge to the exclusion of this evidence for appellate review. To preserve a claim of error, an appellant must make a timely, specific request, objection, or motion. *See* TEX. R. APP. P. 33.1. This requirement applies with equal force to constitutional challenges: a defendant wishing to preserve an argument that the exclusion of evidence violates constitutional principles must make a timely objection stating the grounds for the ruling that he seeks with sufficient specificity to make the trial court aware of these grounds. *Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018) (holding that defendant failed to preserve Confrontation Clause challenge where record showed he sought admission of testimony based only on relevance) (citing *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005)).

Thompson made an offer of proof as to his testimony concerning Officer Newton's employment in Freeport.[1] *See Alfaro v. State*, 224 S.W.3d 426, 433 (Tex. App.—Houston [1st Dist.] 2006, no pet.); TEX. R. EVID. 103(a)(2). At the end of Thompson's proffered testimony, the State told the trial court that it had no objection to testimony concerning Officer Newton's purported threat, but that it did object on

---

[1] At the beginning of trial, the trial court allowed defense counsel to question Officer Newton about his recollection of the accident but did not permit questioning about any alleged threat made to Thompson, a condition that the trial court made subject to reconsideration in a later hearing if warranted. The record shows no attempt to seek a later hearing or otherwise revisit this issue.

relevance grounds to the statements about Officer Newton's prior employment with the FPD.  Thompson's appellate brief suggests that the trial court erred in sustaining the State's relevance objection, but Thompson did not challenge that ruling or ask the trial court to reconsider it at the time. On the contrary, Thompson's trial counsel assured the court that he "wasn't going to ask" Thompson about Freeport, would "stay away from that [topic]" in questioning Thompson, and would advise Thompson to stay away from it as well. The trial court asked Thompson if he understood, and Thompson agreed that he did. Thompson's testimony before the jury did not raise the issue.   We therefore hold that Thompson failed to preserve his Confrontation Clause challenge for appellate review.  *See* TEX. R. APP. P. 33.1.

## CONCLUSION

We reinstate the appeal on this court's active docket and affirm the judgment of the trial court.

Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Do not publish.  TEX. R. APP. P. 47.2(b).