# NO. 12-19-00373-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KAVONSKI DESMOND WATERS,* *APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Kavonski Desmond Waters appeals his conviction for assault against a public servant. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was an inmate at the Nacogdoches County Jail. On January 12, 2019, a jail officer remotely opened Appellant's cell door so that Officer Alexander Riley could provide meal service to him. Against jail policy, Appellant stepped out of the cell and spoke with Officer Riley, who told him to reenter his cell. Video evidence shows Officer Riley point towards the cell, indicating to Appellant that he should reenter his cell. Appellant failed to comply, so Officer Riley grabbed Appellant's arm and attempted to place him back inside the cell. Appellant resisted and a scuffle ensued. At one point, the officer shoved Appellant while

Appellant's resistance persisted.[1]  The video clearly shows Appellant subsequently strike Officer Riley in the face.

Appellant was indicted for the offense of assault against a public servant.[2]  The indictment contained a punishment enhancement due to Appellant's conviction for another prior offense of assaulting a public servant under similar circumstances, elevating the punishment range to that of a second-degree felony.[3]  After a trial, the jury found Appellant guilty of the offense.  Appellant pleaded true to the enhancement, and after a punishment hearing, the jury sentenced Appellant to eleven years of imprisonment.  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*.  Appellant's counsel relates that he has reviewed the record and found no reversible error or jurisdictional defects.  In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[4]

We considered counsel's brief and conducted our own independent review of the record. *Id.* at 811.  We found no reversible error.

### CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw.  *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits.  Having done so, we agree with Appellant's counsel that the

---

[1] *See* TEX. PENAL CODE ANN. § 9.53 (West 2019) (authorizing correctional officer's use of force if he reasonably believes force is necessary to maintain security of correctional facility or his own safety or security); *Hall v. State*, 158 S.W.3d 470, 475 (Tex. Crim. App. 2005) (holding that correctional officer's act of pushing defendant toward cell to end encounter after verbal warning failed was within scope of officer's lawful duties).

[2] *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2020).

[3] *See id*. § 12.42(a) (West 2019).

[4] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record.  436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  Appellant signed a letter acknowledging that he received the record for his review.  Appellant was given time to file his own brief.  The time for filing such a brief expired and no timely pro se brief was filed.

appeal is wholly frivolous. Accordingly, we **grant** counsel's motion for leave to withdraw and **affirm** the judgment of the trial court.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; **In re Schulman**, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* **In re Schulman**, 252 S.W.3d at 408 n.22.

Opinion delivered June 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2021

NO. 12-19-00373-CR

**KAVONSKI DESMOND WATERS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1923932)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*